

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00433-CR

FRED HARRIS JOHNSON                                         APPELLANT

V.

THE STATE OF TEXAS                                               STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## OPINION

----------

## I. Introduction

Appellant Fred Harris Johnson appeals his conviction and six-year sentence for assault causing bodily injury to a family member with a prior conviction.[1] He contends in three points that the evidence is insufficient to support his conviction and that the verdict and his punishment should be set

---

[1]*See* Tex. Penal Code Ann. § 22.01(a), (b) (West 2011) (defining offense of assault); *id.* § 12.34(a) (West 2011) (authorizing term of imprisonment "of not more than 10 years or less than 2 years" for a third-degree felony).

aside because the trial court mistakenly announced when reading the verdict forms that the jury had found him guilty of "aggravated assault-bodily injury." We affirm.

## II. Background

Tabatha Clark is Appellant's wife. Clark testified that she went to an apartment complex in Arlington on June 5, 2009, to meet her friend Felicia for lunch. While she waited for Felicia to arrive, she stood outside conversing with Kevin Samuels, a mutual acquaintance of hers and Appellant's.[2] Clark further testified, however, that Appellant arrived unexpectedly and began fighting with Samuels. Clark testified that she tried to stop the fight and ran up a flight of stairs when she was unable to do so. Appellant followed her up the stairs, grabbed her, punched and kicked her, and held her over the balcony railing. Clark said that it hurt when Appellant kicked and hit her. Clark testified that Appellant eventually resumed fighting with Samuels before leaving. Clark also testified that she sustained a stab wound at some point during the altercation but that she never saw a knife in Appellant's hands and did not know when she was stabbed. Clark further stated that she did not think Appellant intentionally stabbed her.

Appellant testified after being admonished and said that he had overheard a telephone conversation between Clark and Samuels and that because of what

[2]Samuels and Appellant had previously been roommates.

2

he heard, he borrowed a neighbor's car and drove to Samuels's apartment. Appellant testified that he entered Samuels's apartment and found Samuels naked and Clark naked from the waist down, along with a plate of cocaine and marijuana. Appellant described Samuels as the aggressor in that Samuels grabbed a steak knife soon after the fight began, and he testified that he retaliated against Samuels. Appellant said that he accidentally stabbed Clark when she tried to break up the fight, and he testified that he left when Samuels followed him to the door with a gun. Appellant denied hitting, punching, or holding Clark over the balcony railing during the incident. He did acknowledge, though, that he had twice been convicted of assaulting Clark.

The indictment alleged in count one that Appellant intentionally or knowingly caused bodily injury to Clark, a member of his family or household, by stabbing or cutting her with a deadly weapon, a knife, and it alleged in count two that Appellant intentionally or knowingly caused bodily injury to Clark, a member of his family or household, by striking her with his hand or by kicking her with his foot. The jury found Appellant not guilty of the offense alleged in count one, but it found him guilty of the offense alleged in count two. After hearing additional evidence during the punishment phase, the jury assessed a six-year sentence of imprisonment. The trial court subsequently entered a judgment of acquittal as to count one of the indictment and a judgment of conviction in accordance with the jury's verdict and punishment assessment as to count two. This appeal followed.

3

### III. Sufficiency of the Evidence

Appellant argues in his third point that the evidence is legally and factually insufficient to support the jury's verdict. Specifically, he argues that "[i]t is more likely than not that the injuries received by Clark were a result of her attempting to break up the fight between the Appellant and Samuels and were not intentionally inflicted by the Appellant."

### A. Standard of Review

The court of criminal appeals has held that there is no meaningful distinction between the legal sufficiency standard and the factual sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126, 131–32 (Tex. Crim. App. 1996)). Thus, the *Jackson* standard, which is explained below, is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Id.* at 912.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

**B. Application**

Count two of the indictment alleged that Appellant "intentionally or knowingly cause[d] bodily injury to Tabatha Clark, a member of [his] family or household, by striking her with his hand" or "by kicking her with his foot" and that Appellant had been convicted for an instance of assault causing bodily injury to a family member, the assault occurring on August 24, 2007. The court's charge

5

tracked the language in the indictment. Appellant does not dispute that Clark was a member of his family or household or that he had previously been convicted of assault causing bodily injury to a family member.

Appellant argues that there is insufficient evidence that he intentionally or knowingly injured Clark because "it is more likely than not" that she was injured while attempting to break up the fight. However, Appellant seems to focus only on Clark's stab wound, ignoring both the indictment's allegations that he struck her with his hand or kicked her with his foot and Clark's testimony that Appellant followed her up the stairs, grabbed her, punched and kicked her, and held her over the balcony railing after she had attempted to break up the fight between Appellant and Samuels. Samuels did not testify, and Appellant denied hitting, punching, or holding Clark over the balcony railing during the incident. But the jury is the sole judge of the weight and credibility of the evidence, and it resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from that evidence. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638; *Brown*, 270 S.W.3d at 568; *see also* Tex. Code Crim. Proc. Ann. art. 38.04. In carrying out its factfinding functions, the jury could have chosen to believe Clark and to not believe Appellant. Viewing all of the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have determined beyond a reasonable doubt that Appellant intentionally or knowingly caused bodily injury to Clark, a member of his family or household, by striking her with his hand or by kicking her with his foot. *See Jackson*, 443 U.S. at 319, 99 S.

6

Ct. at 2789; *Isassi*, 330 S.W.3d at 638; *see also* Tex. Penal Code Ann. § 22.01(a), (b).  We therefore overrule Appellant's third point.

## IV.  Pronouncement of Verdict

Appellant contends in his first point that the trial court accepted an incorrect verdict and that "[t]he acceptance of an incorrect verdict by the Court and the jury is a nullity and should be set aside."  Appellant argues in his second point that the trial court's incorrect pronouncement affected the jurors' deliberations on punishment and that his punishment should be set aside.

The court's charge in the guilt-innocence stage authorized the jury to find Appellant guilty of either "Aggravated Assault with a Deadly Weapon" or "Assault Causing Bodily Injury to Another — prior conviction family member."  As indicated on the verdict forms, the jury found Appellant not guilty of aggravated assault with a deadly weapon but found him guilty of assault causing bodily injury with a prior conviction.  When the trial court read the jury's verdict aloud in open court, the trial court incorrectly stated that the jury had found Appellant "guilty of the offense of aggravated assault, bodily injury, to another, prior conviction family member as alleged in Count Two of the indictment."[3]  Neither side objected to the trial court's misstatement, and each member of the jury indicated when polled that it was their individual verdict.  Further, the court's charge on punishment submitted the correct offense of assault bodily injury to a family member with the

---

[3]The trial court correctly stated that the jury had found Appellant not guilty as to Count One.

7

appropriate sentencing range of two to ten years' imprisonment. *See* Tex. Penal Code Ann. § 12.34(a); *see also id.* § 22.01(a), (b). After deliberating, the jury assessed a six-year sentence of confinement, and the trial court's written judgment correctly provides that Appellant was convicted of assault bodily injury to a family member and was sentenced to six years' confinement. Although he asks that the verdict and sentence be set aside, Appellant acknowledges that he has not cited any authority that would authorize us to do so.

Our sister court recently addressed a similar but not identical scenario in *Cross v. State*, No. 13-11-00041-CR, 2011 WL 3840505, at *1–2 (Tex. App.—Corpus Christi Aug. 29, 2011, no pet.) (mem. op., not designated for publication). Cross had originally pleaded guilty to tampering with a governmental record, but the trial court stated that it found her guilty of tampering with physical evidence when adjudicating her guilty and revoking her community supervision. *Id.* at *1. The trial court's judgment, however, correctly reflected that Cross had pleaded guilty to tampering with a governmental record. *Id.* The appellate court noted that the trial court's misstatement did not involve the oral pronouncement of sentence and that the written judgment would thus control over the oral pronouncement, and the court held that Cross was not harmed by the minor discrepancy between the trial court's oral statement and its written judgment. *Id.* at *2.

Appellant argues in his first and second points that the trial court accepted an incorrect verdict, that the jury was affected by the trial court's misstatement in

8

its deliberations, and that the verdict and his sentence must therefore be set aside. We disagree. First, Appellant did not object at the time of the trial court's misstatement and has therefore not preserved his complaint for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Also, the trial court's written documents generally control over oral pronouncements—except for the oral pronouncement of a defendant's sentence—meaning the trial court's misstatement is harmless because it did not involve the oral pronouncement of Appellant's sentence and because the charge on punishment and the written judgment correctly recited the offense for which the jury found Appellant guilty, that being assault causing bodily injury to a family member. *Compare Eubanks v. State*, 599 S.W.2d 815, 817 (Tex. Crim. App. 1980) ("The written order of the court controls over an oral announcement."), *with Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls."). We thus overrule Appellant's first point.

Appellant also argues that the jury was affected in its deliberations by the trial court's erroneous statement that his offense was aggravated. Again, we note that Appellant did not object when the trial court misspoke, and we further note that Appellant has cited nothing in the record to suggest that the jury was misled or otherwise affected by the mistake. The court's charge on punishment correctly listed the offense for which the jury had found Appellant guilty and

9

correctly identified the applicable sentencing range. Absent evidence to the contrary, we presume that the jury followed the trial court's instructions as set forth in the charge. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 1032 (2004); *Walker v. State*, 300 S.W.3d 836, 850 (Tex. App.—Fort Worth 2009, pet. ref'd). Further, the jury assessed six years' imprisonment when it could have assessed as many as ten years. *See* Tex. Penal Code Ann. § 12.34(a). Thus, Appellant has not shown that the jury was affected in its deliberations by the trial court's oral misstatement. We thus overrule Appellant's second point.

## V. Conclusion

Having overruled each of Appellant's three points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MCCOY, and GABRIEL, JJ.

PUBLISH

DELIVERED: May 31, 2012