# NOS. 12-12-00227-CR
# 12-12-00228-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PATRICK R. WARTHSAW,* *APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Patrick R. Warthsaw appeals his conviction for the felony offenses of aggravated robbery and engaging in organized criminal activity. In two issues, Appellant challenges the sufficiency of the evidence to support the trial court's assessment of court costs in both cases. We modify and affirm as modified.

## BACKGROUND

In November 2011, the victim received a call from a female acquaintance, asking him to visit her at her home. When the victim arrived, he entered the residence and the female began asking him for money. After replying that he had none, two males, including Appellant, entered the room and demanded money. When the victim continued to deny having any money, Appellant and the other male began to viciously beat the victim, at times with a metal pole, until the victim lost consciousness. He was transported to a car wash, where he was later discovered in one of the wash bays with significant injuries.

Appellant was arrested and indicted for the offenses of aggravated robbery and engaging in

organized criminal activity.  Appellant entered a plea of "guilty" without an agreement as to punishment.  After finding him guilty, the trial court held a hearing on punishment.  The trial court assessed Appellant's punishment at fifty years of imprisonment for each offense, to be served concurrently.

In its formal pronouncement, the trial court stated, "Court costs are waived."  In the written judgments of conviction, the trial court ordered the payment of $574.00 in court costs for each case. At that time, the certified bill of costs was not in the record.  After Appellant filed his notice of appeal, the State filed a motion to supplement the appellate record, which was granted by this court. The supplemental record contains a certified copy of the bill of costs.

## COURT COSTS

In his first issue, Appellant contends that the "written judgment of the trial court incorrectly reflects that costs of court were ordered."  In an alternative second issue, Appellant argues that the trial court erred by "imposing court costs not supported by the . . . bill of costs and by ordering that the same be withdrawn from [his] inmate trust account."  He argues that because we cannot determine from the record the basis of the court costs imposed, we "should modify the trial court's judgment to delete any unsupported costs." We construe Appellant's argument as a challenge to the sufficiency of the evidence.

### Standard of Review

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case.  *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).  We measure sufficiency by reviewing the record in the light most favorable to the award.  *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet. h.) (not yet released for publication).

### Applicable Law

A judgment shall "adjudge the costs against the defendant, and order collection thereof. . . ." *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006).  If a criminal action is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed."  *Id.* art. 103.006 (West 2006).  The code of criminal procedure does not require that a certified bill of costs be

2

filed at the time the trial court signs the judgment of conviction or before a criminal case is appealed. *See id.* arts. 103.006, 103.001 (West 2006). However, "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." *Id.* art. 103.001.

Requiring a convicted defendant to pay court costs does not alter the range of punishment and is authorized by statute. *See id.*; ***Weir v. State***, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Moreover, court costs do not have to be included in the oral pronouncement of sentence in this case as a precondition to their inclusion in the trial court's written judgment. ***Weir***, 278 S.W.3d at 367.

The rules of appellate procedure permit supplementation of the clerk's record "[i]f a relevant item has been omitted. . . ." *See* TEX. R. APP. P. 34.5(c)(1). Furthermore, when a trial court's assessment of costs is challenged on appeal and no bill of costs is in the record, it is appropriate to supplement the record pursuant to Rule 34.5(c) because a bill of costs is required by Article 103.006. *See* TEX. R. APP. P. 34.5(c); TEX. CODE CRIM. PROC. ANN. art. 103.006. Supplementation is permissible because a bill of costs is a governmental record that is "merely a documentation of what occurred during . . . the trial." *See **Johnson***, 2013 WL 3054994, at \*1.

In certain circumstances, a trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." *Id.* art. 26.04(p) (West Supp. 2012). Thus, the trial court must determine that the defendant has financial resources which enable him to offset in part or in whole the costs of the legal services provided, and that determination must be supported by some factual basis in the record before attorney's fees are imposed. *See **Johnson***, 2013 WL 3054994, at \*3. If the record does not show that the defendant's financial circumstances materially changed after the previous determination that he was indigent, the evidence will be insufficient to support the imposition of attorney's fees. *See id.* (citing ***Mayer***, 309 S.W.3d at 553). Unlike other court costs, supplementation of the record to provide evidence of Appellant's ability to pay attorney's fees is not appropriate. *See **Johnson***, 2013 WL 3054994, at \*2 (citing ***Mayer***, 309 S.W.3d at 557).

3

**Waiver of Court Costs**

When the trial court orally pronounced Appellant's sentences, the trial court stated that court costs are "waived." However, the judgment of conviction in each case reflects that the trial court assessed $574.00 as court costs. Appellant contends that the judgment incorrectly reflects the trial court's finding that costs were waived during the pronouncement of sentence. The trial court's written documents generally control over oral pronouncements—except for the oral pronouncement of a defendant's sentence. *See* ***Johnson v. State***, 370 S.W.3d 100, 105 (Tex. App.—Fort Worth 2012, no pet.). In relying on the rule that when the court's oral pronouncement of sentence conflicts with the written judgment, the oral pronouncement controls, Appellant implicitly presumes that the assessment of costs is part of his sentence.

As we have stated, court costs are not punishment, are not required to be orally pronounced, and may appear for the first time in the written judgment. *See* ***Weir***, 278 S.W.3d at 367. Since costs are not part of the sentence, the trial court may fail to award costs or orally pronounce that they are waived, but nevertheless properly include them in the written judgment. *See id.* In such a case, costs will be enforceable against a defendant. *See id.*

Appellant also contends that the trial court acted under Texas Code of Criminal Procedure Article 43.091, which provides the trial court with the discretion to "waive payment of a . . . court cost imposed on a defendant." *See* TEX. CODE CRIM. PROC. ANN. art 43.091 (West Supp. 2012). However, Appellant misconstrues that statute. *See id.* By its own terms, the statute applies only after costs are initially assessed against the defendant and he fails to pay them. *See id.* ("A court may waive payment of a fine or cost imposed on a defendant who defaults in payment if the court determines that: (1) the defendant is indigent; and (2) each alternative method of discharging the fine or cost under Article 43.09 would impose an undue hardship on the defendant."). The statute allows the trial court to excuse the nonpayment of costs during the enforcement phase of the case, provided it makes certain findings regarding the defendant's inability to pay. *See id.* That is not the situation here. Appellant cites no authority demonstrating that the trial court is bound by its pronouncement that it waived costs.

Appellant's first issue is overruled.

**Sufficiency of the Evidence to Support Court Costs**

Here, the judgment of conviction in each case reflects that the trial court assessed $574.00 as

court costs. Each judgment of conviction also includes a document identified as "Attachment A Order to Withdraw Funds." The attachments state that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $574.00.

Appellant argues that his due process rights were violated because the district clerk did not prepare a written bill of costs before the costs were "taxed against" him. Because the record was properly supplemented to include a certified bill of costs, we need not discuss the alleged due process violation. *See id.*, at *2 n.3; *see also* TEX. R. APP. P. 47.1.

Appellant next contends that portions of the costs assessed are unsupported by the evidence. The bill of costs itemizes the costs and fees assessed against Appellant in each case. The attorney's fees total $300.00, and the remaining fees total $274.00. The court costs set out in the trial court's judgment are the same as those shown in the clerk's certified bill of costs. We have verified that each fee listed in the bill of costs is authorized by statute.[1] Appellant is required to pay all of these costs, except the attorney's fees, regardless of his indigence. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.05(g), 42.16; *see also* **Johnson v. State**, No. 12-12-00263-CR, 2013 WL 2286077, at *2 (Tex. App.—Tyler May 22, 2013, no pet. h.) (mem. op., not designated for publication) ("[T]he legislature has not preconditioned the collection of court costs or fines on an inmate's ability to pay."). Therefore, the evidence is sufficient to support the trial court's assessment of $274.00 in court costs against Appellant.

There is no evidence in the record, however, that Appellant's financial circumstances materially changed after the trial court determined that he was indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). The record shows that the trial court made two separate findings of Appellant's indigence—by appointing counsel to represent Appellant before his guilty plea and by appointing appellate counsel after it found him guilty and assessed his punishment. The trial court made no finding that Appellant has financial resources which enable him to offset in whole or in part the costs of the legal services he was provided. Consequently, the evidence is insufficient to support the

---

[1] The bill of costs lists attorney's fees, jury service fee, clerk's fee, records management, records management and preservation fee—DC, warrant fee, bond fee, arrest fee (commit and release), courthouse security, consolidated court fees, judiciary fund county, judiciary fund state, and indigent defense court cost. All of these fees are authorized by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.005(a), (f) (West 2006); TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2), (5), (6) (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012); TEX. LOCAL GOV'T CODE ANN. § 133.105(a), (b) (West 2008); TEX. LOCAL GOV'T CODE ANN. § 133.107(a) (West Supp. 2012).

imposition of attorney's fees as court costs. *See id.* art. 26.04(p), 26.05(g); *see also **Johnson***, 2013 WL 3054994, at *4.

Appellant's second issue on appeal is sustained in part.

## DISPOSITION

We have overruled Appellant's first issue, but have sustained his second issue in part. We therefore modify the trial court's judgments to reflect that the amount of court costs is $274.00. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $274.00. *See, e.g.*, ***Reyes v. State***, 324 S.W.3d 865, 868 (Tex. App.—Amarillo 2010, no pet.). We ***affirm*** the judgments of the trial court as ***modified***. *See* TEX. R APP. P. 43.2(b).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JUNE 25, 2013

### NOS. 12-12-00227-CR

### 12-12-00228-CR

**PATRICK R. WARTHSAW,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeals from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.Nos. 114-0116-12; 114-0117-12)

THESE CAUSES came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $274.00. We also modify Attachment A to delete the assessment of $300.00 in attorney's fees and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $274.00; **and as modified**, the trial court's order of dismissal is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*