# NO. 12-12-00407-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEAPHEN SHANE MINTER,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Steaphen Shane Minter appeals his conviction for the offense of possession of a controlled substance with intent to deliver. He raises one issue on appeal relating to the imposition of court costs. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with the first degree felony offense of possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than two hundred grams with intent to deliver.[1] On December 15, 2009, Appellant pleaded guilty to the offense. The trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a period of ten years.

The State filed its second application to proceed to final adjudication on October 4, 2012. Appellant pleaded "true" to the State's allegations. The trial court found the allegations to be "true," revoked Appellant's community supervision, and adjudicated Appellant guilty of

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(d) (West 2010).

possession of a controlled substance with intent to deliver.[2]   The trial court assessed punishment at thirty years of imprisonment without a fine and ordered court costs to be paid.

The judgment adjudicating guilt assessed $505.00 in court costs.   At that time, the bill of costs was not in the record.

## SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

Appellant argues that the trial court erred by imposing court costs that were not supported by the bill of costs and by ordering the court costs to be withdrawn from his inmate trust account. After Appellant filed his brief, the record was supplemented with a bill of costs.   Accordingly, we review Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs. *See Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication) (permitting supplementation of record with bill of costs and conducting sufficiency analysis).[3]

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case.   *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).   We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication).   Requiring a convicted defendant to pay court costs does

---

[2] The trial court misstated the name of the offense in its oral pronouncement when it adjudicated Appellant's guilt.   The indictment, stipulation of evidence, and reporter's record of Appellant's guilty plea confirm that the judgment adjudicating guilt correctly identifies the offense in which Appellant was charged and pleaded guilty, and that his sentence is within the range of punishment.   *See, e.g., Johnson v. State*, 370 S.W.3d 100, 104-05 (Tex. App.– Fort Worth 2012, no pet.) (written documents generally control over oral pronouncement, except for oral pronouncement of a defendant's sentence); *see also Warthsaw v. State*, Nos. 12-12-00227-CR, 12-12-00228-CR, 2013 WL 3243406, at *3 (Tex. App–Tyler June 25, 2013, no pet.) (mem. op., not designated for publication).

[3] In his brief, Appellant argues that his due process rights were violated because the imposition of court costs contained in the withdrawal order attached to the judgment was issued without informing him of the statutory basis of the withdrawal.   He contends that, because the bill of costs was not included in the record, he has no way to determine, or challenge, whether the costs were correctly assessed.   Because the record was supplemented with a bill of costs and the basis for the costs imposed is now under review, we need not discuss Appellant's due process argument.   *See* TEX. R. APP. P. 47.1; *see also Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *7 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (clerk's failure to prepare bill of costs before entry of judgment does not rise to due process violation).

not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 2013 WL 3054994, at *3.

## Discussion

The judgment adjudicating guilt reflects that the trial court assessed $505.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $505.00. The state agrees that the assessment of $505.00 is improper, and contends that the judgment should be modified to reflect the assessment of $205.00 in court costs. The bill of costs assesses $205.00 in court costs, but also reflects that the remaining balance is $43.25. The evidence is insufficient to support the trial court's assessment of $505.00 in court costs. The evidence is sufficient, however, to support the imposition of $43.25 in court costs–the remaining balance of the properly assessed costs. *See, e.g., Ashford v. State*, No. 12-12-00373-CR, 2013 Tex. App. LEXIS 9115, at *5 (Tex. App.–Tyler July 24, 2013, no pet.) (mem. op., not designated for publication); *Muller v. State*, 12-12-00269-CR, 2013 WL 3243522, at *2-3 (Tex. App.–Tyler June 25, 2013, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect payment of properly assessed costs). Accordingly, we sustain Appellant's sole issue in part.

### DISPOSITION

Having sustained Appellant's sole issue in part, we *modify* the trial court's judgment to reflect that the amount of court costs is $43.25. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $505.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $43.25. *See Ballinger v. State*, No. 12-12-00280-CR, 2013 WL 3054935, at *3 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication). We *affirm* the judgment of the trial court *as modified*. *See* TEX. R. APP. P. 43.2(b).

**SAM GRIFFITH**
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3

# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 31, 2013

### NO. 12-12-00407-CR

**STEAPHEN SHANE MINTER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellees

Appeal from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0776-09)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the trial court below be **modified** to reflect that the amount of court costs is $43.25. We also modify Attachment A to delete the assessment of $505.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $43.25; **and as modified**, the judgment of the trial court is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.

*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*